# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NERY JOSE RIVAS REYES,

  Petitioner,

v.

             Case No. 1:26-cv-01712-MIS-GJF

WARDEN, Cibola County Correctional Center; MARY DE ANDA-YBARRA, in her official capacity as El Paso Field Office Director of the Immigration and Customs Enforcement; ACTING DIRECTOR, Immigration and Customs Enforcement; ATTORNEY GENERAL of the United States; and MARKWAYNE MULLIN, Secretary, of the U.S. Department of Homeland Security,

  Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Nery Jose Rivas Reyes's pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 27, 2026. Respondents Mary De Anda-Ybarra, Acting Director, Immigration and Customs Enforcement, Attorney General of the United States, and Markwayne Mullin ("Federal Respondents"),[1] filed a Response on June 8, 2026, ECF No. 5.

---

[1] Respondent Warden, Cibola County Correctional Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Petitioner is a citizen of Nicaragua, id. at 1, who is challenging his custody on constitutional grounds and requesting bond or conditional parole under 8 U.S.C. § 1226(a), see Pet. at 1, ECF No. 1. Petitioner also argues he is subject to release because he was detained for more than 48 hours after his arrest by state authorities so that ICE office could take custody of him. Id. at 2.

Petitioner entered the United States without inspection on or about May 9, 2022. Resp. at 1, ECF No. 5. He was arrested by Border Patrol on that date and subsequently released on parole, id. at 1-2, but was never issued a Notice to Appear, Form I-213 Narrative at 2, ECF No. 5-1. On April 14, 2026, ICE identified Petitioner after his arrest in Florida for stalking involving a domestic violence designation, Id. at 2, which is a first-degree misdemeanor, Form I-213 Narrative at 4, ECF No. 5-1. He was charged "as removable under Sections 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)] and 212(a)(7)(A)(i)(I) [§ 1182(a)(7)(A)(i)(I)] of the Immigration and Nationality Act." Id. On June 4, 2026, an Immigration Judge entered a removal order against Petitioner; he has until July 6, 2026, to appeal that order. Id. at 7.

Respondents argue Petitioner does not establish he is entitled to release or a bond hearing under § 1226. Id. at 6-7. Respondents appear to argue Petitioner is instead subject to 8 U.S.C. § 1225 as an alien paroled into the United States. Id. at 2-6.

Under similar circumstances, this Court has found that an alien released on bond and arrested for "grand theft, aggravate[d] assault and battery" was subject to mandatory detention under § 1226(c). Bodden Rose v. Warden, No. 2:26-CV-01566-MIS-JFR, 2026 WL 1552301, at *1 (D.N.M. June 2, 2026). Here, however, Petitioner is not subject to § 1226(c) because the crime for which he was arrested does not constitute "the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person," § 1226(c)(1)(E)(ii), nor has he been sentenced for an

offense punishable by a term of imprisonment of at least one year, § 1226(c)(1)(C); see generally Resp., ECF No. 5.

Here, Petitioner is either subject to § 1225 as an alien paroled into the United States whose parole was lawfully terminated or subject to § 1226 as an alien released into the United States and subsequently arrested. Respondents argue Petitioner was paroled, Resp. at 7, ECF No. 5, but admit that he was never issued a Notice to Appear, Form I-213 Narrative at 2, ECF No. 5-1. Nor do Respondents submit any evidence his parole, such as it was, was lawfully terminated. See generally Resp., ECF No. 5.

The Court therefore finds that Respondents did not distinguish this case from other cases this Court has decided involving the detention of noncitizens already present in the United States. Id. at 1-8. As the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, the Court adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

"Congress invested federal courts with discretion when it comes to supplying habeas relief—providing that they 'may' (not must) grant writs of habeas corpus, and that they should do so only as 'law and justice require.'" Brown v. Davenport, 596 U.S. 118, 132 (2022) (first quoting 28 U.S.C. § 2241, then quoting 28 U.S.C. § 2243). Habeas corpus "is an 'adaptable remedy,' and the 'precise application and scope' of the review it guarantees may change 'depending upon the

circumstances.'" Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 152 (2020) (Breyer, J., concurring) (quoting Boumediene v. Bush, 553 U.S. 723, 779 (2008)).

Under the unique facts of this case, the Court finds that ordering Petitioner's immediate release is not the appropriate remedy. Petitioner has a domestic violence flag on his first-degree misdemeanor for stalking. Form I-213 Narrative at 4, ECF No. 5-1. The Court concludes that ordering a bond hearing is the appropriate remedy in this case, as the Court finds that whether and under what conditions Petitioner should be released is better left to the sound discretion of an immigration judge at a bond hearing. See Lopez-Romero, 2026 WL 92873, at *7.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Nery Jose Rivas Reyes's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to provide Petitioner with an individualized and constitutionally adequate bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order;

3. The Immigration Judge shall not consider 8 U.S.C. § 1225(b) or Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), and if the Immigration Judge finds that Petitioner shall remain in detention, the Immigration Judge shall adequately explain the reasons for detention such that this Court can determine whether the bond hearing was constitutionally adequate;

4. Respondents shall file a status report within three days of Petitioner's bond hearing advising the Court as to whether bond was granted or denied, and shall attach the Immigration Judge's Order thereto; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction to enforce this Order.


**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE