**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NERY JOSE RIVAS REYES,

     Petitioner,

v.

                                      Case No. 1:26-cv-01712-MIS-GJF

WARDEN, Cibola County Correctional Center; MARY DE ANDA-YBARRA, in her official capacity as El Paso Field Office Director of the Immigration and Customs Enforcement; ACTING DIRECTOR, Immigration and Customs Enforcement; ATTORNEY GENERAL of the United States; and MARKWAYNE MULLIN, Secretary, of the U.S. Department of Homeland Security,

     Respondents.

## ORDER CONSTRUING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AS A MOTION FOR RECONSIDERATION AND DENYING THE MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court on Petitioner Nery Jose Rivas Reyes's Amended Petition for Writ of Habeas Corpus ("Amended Petition"), ECF No. 10, filed June 26, 2026.

On June 9, 2026, the Court issued an Order granting Petitioner's first Petition for Writ of Habeas Corpus ("Petition"). ECF No. 6. The Court found 8 U.S.C. § 1226(a) applied to Petitioner, id. at 3, and ordered Respondents provide Petitioner with an individualized bond hearing, id. at 4. The Court then entered Final Judgment in favor of Petitioner. ECF No. 7. On June 12, 2026, Respondents provided Petitioner with a bond hearing. Notice at 1, ECF No. 8. The Immigration Judge denied his bond because "Flight risk because he was ordered removed on June 4, 2026. He

is also a danger to the community because he was arrested for the offense of 1st degree misdemeanor stalking and several other traffic offenses." Id. On June 22, 2026, Petitioner filed Notice with the Court that he had filed an appeal of his removal order. ECF No. 9. On June 26, 2026, Petitioner filed a pro se Amended Petition. ECF No. 10.

The Amended Petition appears to again challenge Petitioner's detention and does not mention his bond hearing. See id. at 2, 6. It appears to have been drafted before the Court ordered a bond hearing since Petitioner alleges that he is being detained "without a bond hearing." Id. at 6. Petitioner also requests his immediate release or, alternatively, a bond hearing. Id. at 7. The date of drafting is unclear, however, because the Amended Petition includes a declaration dated May 29, 2026, id. at 8, and a fee waiver request dated June 23, 2026, ECF No. 10-1 at 1. The Amended Petition also includes a Notice of Appeal stating that Petitioner appealed his June 12, 2026, bond hearing. ECF No. 10-1 at 4-11. As the body of the Amended Petition does not mention the bond hearing and Petitioner includes notice of an appeal of the bond hearing to the BIA, the Court does not construe the Amended Petition as challenging the bond hearing. Rather, the Court construes the Amended Petition as a Motion for Reconsideration ("Motion") of the Court's Order Granting his first Petition. See 1:26-cv-01469, ECF No. 12.

Because the Second Petition was filed within twenty-eight days of the Court's Order denying his First Petition, it is governed by Rule 59(e). See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling

2

law." Id. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

To the extent that Petitioner challenges the Court's order for a bond hearing and instead seeks release, the Court denies reconsideration because the Court has already addressed that issue, and a motion for reconsideration "is not appropriate to revisit issues already addressed." Id. If Petitioner believes the Court erred, he may appeal to the Tenth Circuit Court of Appeals.

To the extent that Petitioner raises a new basis for habeas relief, the Court denies reconsideration because a motion for reconsideration "is not appropriate to . . . advance arguments that could have been raised in prior briefing." Id. Petitioner may file a new petition for writ of habeas corpus limited to new issues in a separate filing that shall be assigned a new case number.

Therefore, it is **HEREBY ORDERED** that:

1. Petitioner's Amended Petition for Writ of Habeas Corpus, ECF No. 10, properly construed as a Motion for Reconsideration of the Court's Order Granting his First Petition for Writ of Habeas Corpus, ECF No. 6, is **DENIED**; and

2. Petitioner may assert his new grounds for habeas relief in a new petition for writ of habeas corpus in a separate case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE